UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDUARDO ROCHA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00207-CDB<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ORDER TO DEPOSIT INTERPLEADER FUNDS PURSUANT TO FED. R CIV. P. 67<br><br>(Doc. 6)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the application of Interpleader Plaintiff Banner Life Insurance Company ("Banner") for leave to deposit funds pursuant to Rule 67 of the Federal Rules of Civil Procedure, filed February 18, 2025. (Doc. 6). No party has filed an opposition and because the time to do so has passed, the Court construes the motion is unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). For the reasons set forth below, Banner's motion is granted.

**Background**

According to the allegations of the complaint, Banner issued a life insurance policy to Juana Rocha ("Decedent") on November 14, 2019, in the amount of $250,000.00. (Doc. 1 ⁋ 11; Doc. 1-1 at 2). She designated her husband, Defendant Eduardo Rocha, as the sole primary beneficiary and her four children, Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha, as contingent

beneficiaries entitled to equal 25% shares. (Doc. 1 ¶ 12).

Juana Rocha died from a gunshot wound on or about June 19, 2021, in Delano, California. *Id.* ¶ 13. The investigating law enforcement agency considered Eduardo Rocha the prime suspect and, as of January 2025, he remains a suspect. *Id.* ¶¶ 14-15. No one has yet been charged in connection with Juana Rocha's death. *Id.* ¶ 16. Plaintiff asserts that, due to applicable federal and state law barring payment of death benefits where a named beneficiary kills the insurance holder, Banner has not distributed any of the death benefits to any Defendant. *Id.* ¶¶ 17-20.

Plaintiff asserts that, if it is established that Eduardo Rocha forfeited his interest in the death benefits, then Defendants Eva, Ivan, Arlene, and Aaron Rocha would each be entitled to a 25% share of the total benefit amount. *Id.* ¶ 21. Plaintiff provides that, thus, the competing interests and potentially conflicting claims of the named Defendants, namely Eduardo Rocha on the one hand and the other four Defendants on the other, give rise to a "real and reasonable fear of exposure on Banner's part to double liability and multiple litigation if Banner paid the Policy's death benefits to any of the Defendants." *Id.* ¶ 22. Plaintiff states that it is a disinterested stakeholder, claims no interest in the death benefits, and seeks to discharge its "admitted liability under the Policy by depositing the Policy's death benefits with this Court." *Id.* ¶¶ 23-24.

Plaintiff filed the pending motion for interpleader deposit on February 18, 2025 (Doc. 6). On March 21, 2025, the Court vacated the hearing on Plaintiff's motion for interpleader deposit and held the motion in abeyance pending Plaintiff's filing of evidence demonstrating service upon Defendants of summons and complaint. (Doc. 9). Subsequently, Plaintiff filed an executed waiver of service for each Defendant (Docs. 10-14) and a notice rescheduling the hearing on the motion for interpleader deposit for May 30, 2025 (Doc. 17), which was served upon Defendants Eva, Ivan, Arlene, and Aaron Rocha on April 25, 2025 (Doc. 33). Plaintiff also filed a proof of service of the motion papers, evidencing their service on all Defendants on March 21, 2025. (Doc. 19). Eduardo Rocha filed an answer (Doc. 15) and, after all other Defendants failed to respond to the complaint, the Clerk of the Court entered default for each (Docs. 20, 29). Thereafter, Plaintiff filed a motion for default judgment as to Eva, Ivan, and Arlene Rocha (Doc. 23) and a separate motion for default judgment as to Aaron Rocha (Doc. 30). Both motions for default judgment are currently pending before the Court.

On May 30, 2025, the motion for interpleader deposit came before the Court for hearing. Vittorio Fiore Terrizzi appeared on behalf of Plaintiff. John S. Dulcich appeared on behalf of Defendant Eduardo Rocha. (Doc. 34). Defendants Eva, Ivan, Arlene, and Aaron Rocha did not make an appearance nor did any representative on their behalf.

**Discussion**

Federal Rule of Civil Procedure 22(a) and 28 U.S.C. § 1335 permit a party to file an interpleader claim when the party faces possible exposure to multiple liabilities from the defendants. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants in a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (internal quotations omitted).

In the instant motion, Banner seeks to deposit $250,000.00, plus applicable interest, under the Decedent's life insurance coverage. (Doc. 6-1 ¶ 18). Pursuant to Federal Rule of Civil Procedure 67, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Lasheen v. Loomis Co.*, No. 2:01-cv-00227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018) (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)). The Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary. *Id*. (citing *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)).

Given the lack of objection by any opposition party, the Court finds that Banner may deposit the plan benefits into the registry of the Court.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that:

1. Plaintiff Banner's motion for order to deposit interpleader funds pursuant to Fed. R. Civ. P. 67 (Doc. 6) is GRANTED;
2. **Within 14 days** of the date of entry of this order, Banner shall issue and deliver a check payable to the Clerk of the United States District Court for the Eastern District of California

3

    in the amount of two-hundred-and-fifty thousand dollars ($250,000.00), plus any applicable interest; and

  3. Banner shall cause a copy of this order to be personally served upon the Clerk of the Court or the Financial Deputy.

Further, the Clerk of the Court is HEREBY DIRECTED to accept such funds and hold the same on deposit in the registry of the Court in an interest-bearing account or invest in an interest-bearing instrument, there to abide by the judgment of the Court and for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

IT IS SO ORDERED.

Dated: **June 20, 2025**

UNITED STATES MAGISTRATE JUDGE