UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDUARDO ROCHA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00207-CDB<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(Doc. 62)<br><br>**5-DAY AND 30-DAY DEADLINE** |

Plaintiff Banner Life Insurance Company initiated this action on February 18, 2025, with the filing of a complaint for interpleader against Defendants Eduardo Rocha, Aaron Rocha, Arlene Rocha, Eva Rocha, and Ivan Rocha. (Doc. 1). The Clerk of the Court entered default as to the latter four Defendants after they failed to timely respond to the complaint. (Docs. 20, 29). The Court granted Plaintiff leave to amend the complaint on July 2, 2025 (Doc. 42), and Plaintiff filed the first amended complaint on July 30, 2025 (Doc. 47). Pending before the Court is Plaintiff's motion for leave to file a second amended complaint, filed September 22, 2025. (Doc. 62).

**Background**

In the motion, Plaintiff asserts that the proposed second amended complaint ("SAC") identifies Defendant Eduardo Rocha "in the caption as the Special Administrator of the Estate of Juana Rocha and in [p]aragraph [eight], as one of the parties." Plaintiff represents that these two allegations are the only changes within the SAC and are necessary because, on September 17, 2025,

the Superior Court of California, County of Kern, named Eduardo Rocha as special administrator of decedent Juana Rocha's estate, with the order granting him the "power to litigate on behalf of the Estate of Juana Rocha in the instant litigation." (Doc. 62-1 at 2; citing Ex. A).

Plaintiff argues that the factors set forth in *Western Shoshone Nat'l Counsel v. Molini*, 951 F.2d 200 (9th Cir. 1991), weigh in favor of amendment. Plaintiff asserts that counsel for Eduardo Rocha was contacted and did not oppose the motion. *Id.* at 3. Accompanying the motion is a copy of the state court's order (*id.*, Ex. A) and a copy of the proposed SAC (*id.*, Ex. B).

On September 23, 2025, Eduardo Rocha separately filed a notice of non-opposition to the motion. (Doc. 64).

**Governing Law**

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

whether the plaintiff has previously amended its complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant factors set forth in *Western Shoshone Nat'l Council v. Molini* below.

**A.     Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Plaintiff in seeking leave to amend. The attached order of the state court (Doc. 62-1, Ex. A) reflects the recent appointment of Eduardo Rocha as special administrator of the estate of Juana Rocha. That

1  Eduardo Rocha does not oppose amendment confirms the absence of bad faith on the part of
2  Plaintiff.  Accordingly, this factor weighs in favor of amendment.

3  **B.    Undue Delay**

4  By itself, a showing of undue delay is insufficient to deny leave to amend pleadings.  *Howey*
5  *v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186.  However,
6  in combination with other factors, delay may be sufficient to deny amendment.  *Webb*, 655 F.2d at
7  979-80; *see Lockheed Martin Corp. v. Network Solutions Inc*., 194 F.3d 980, 986 (9th Cir. 1999)
8  (substantial delay, while not dispositive, is relevant to whether to permit amendment).  In assessing
9  whether there exists undue delay, a court shall consider if "the moving party knew or should have
10 known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank*
11 *of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted).  The mere fact that a party fails
12 to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for
13 denying leave to amend.  *Howey*, 481 F.2d at 1190-91.  Whether there has been "undue delay"
14 should be considered in the context of (1) the length of the delay measured from the time the moving
15 party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date.
16 *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

17 The Court finds no indication of undue delay in bringing the motion to amend.  The state
18 court's order is dated September 17, 2025, and Plaintiff filed its motion on September 22, 2025.
19 *See* (Doc. 62-1, Ex. A).  Plaintiff could not have included Eduardo Rocha as special administrator
20 of the Estate of Juana Rocha in its prior pleadings as no such appointment had been yet made.  As
21 such, this factor weighs in favor of amendment.

22 **C.    Prejudice to Opposing Party**

23 The most critical factor in determining whether to grant leave to amend is prejudice to the
24 opposing party.  *Eminence Capital*, 316 F.3d at 1052.  The burden of showing prejudice is on the
25 party opposing an amendment to the complaint.  *DCD Programs, Ltd.*, 833 F.2d at 187.  There is a
26 presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a).
27 *Eminence Capital*, 316 F.3d at 1052.

28

Here, Eduardo Rocha does not oppose Plaintiff's motion and there is no indication he would be prejudiced by a grant of the motion. Defendants Aaron, Arlene, Eva, and Ivan Rocha are in default. Thus, this factor weighs in favor of amendment.

### D.     Prior Amendments and Futility of Amendment

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, Plaintiff's proposed amendments would constitute the second amendment to the pleadings. The Court finds this factor to weigh neither in favor nor against granting leave to amend. Plaintiff represents that amendment would not be futile as the amendments "are necessary to identify Eduardo Rocha as the Special Administrator to the Estate of Juana Rocha." (Doc. 62-1 at 3). The Court finds no clear indication of futility on the face of the proposed second amended complaint (*id.*, Ex. B). Thus, this factor weighs in favor of granting leave to amend.

Because the factors enunciated in *Western Shoshone Nat'l Council v. Molini* weigh substantially in favor of amendment, the Court will grant Plaintiff's unopposed motion for leave to amend the complaint.

### Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. 62) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. **Within three days** of entry of this order, Plaintiff SHALL FILE as a stand-alone docket

5

entry the second amended complaint proposed in the motion (Doc. 62-1, Ex. B);

3. **Within 30 days** of entry of this order, Plaintiff shall serve Defendants Aaron Rocha, Arlene Rocha, Eva Rocha, and Ivan Rocha with the second amended complaint in the manner prescribed by Fed. R. Civ. P. 4; and

4. Defendants' responsive pleadings shall be filed consistent with Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated:   **September 24, 2025**

UNITED STATES MAGISTRATE JUDGE