UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ROCHA, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00207-CDB<br><br>ORDER GRANTING UNOPPOSED SECOND MOTION FOR ORDER TO DEPOSIT INTERPLEADER FUNDS PURSUANT TO FED. R. CIV. P. 67<br><br>(Doc. 87)<br><br>**14-DAY DEADLINE** |

Pending before the Court is the second motion of Interpleader Plaintiff Banner Life Insurance Company ("Banner") for leave to deposit funds pursuant to Rule 67 of the Federal Rules of Civil Procedure, filed December 1, 2025. (Doc. 87). Defendants Eduardo Rocha and the Estate of Juana Rocha filed a notice of non-opposition to the motion. (Doc. 90). As no other Defendant either has appeared or filed an opposition and because the time to do so has passed, the Court construes the motion to be unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). For the reasons set forth below, Banner's motion is granted.

**Background**

According to the allegations in the second amended complaint ("SAC"), Banner issued a life insurance policy (the "Life Policy") to Juana Rocha ("Decedent") on November 14, 2019, in the amount of $250,000.00. Decedent designated her husband, Defendant Eduardo Rocha, as the sole primary

beneficiary and her four children, Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha, as contingent beneficiaries entitled to equal 25% shares. (Doc. 66 ¶¶ 1, 13; *id.*, Ex. 1 at 31, 34).

Banner also issued two accidental death policies to Decedent: the first with a benefit amount of $550,000.00 and numbered 181784661 ("AD Policy 4661"), and the second with a benefit amount of $450,000.00 and numbered 181841581 ("AD Policy 1581"). AD Policy 4661 was issued with an effective date of April 27, 2020, and AD Policy 1581 was issued with an effective date of October 29, 2020. AD Policy 4661 designated Eduardo Rocha as the sole primary beneficiary and Eva, Ivan, Arlene, and Aaron Rocha as contingent beneficiaries entitled to equal 25% shares. AD Policy 1581 designated Eduardo Rocha as the sole primary beneficiary and did not name any contingent beneficiaries. (Doc. 66 ¶¶ 2, 14-15; *id.*, Exs. 2, 3).

Juana Rocha died from an alleged gunshot wound on June 19, 2021, in Delano, California. (Doc. 66 ¶ 16; *id.*, Ex. 4). The investigating law enforcement agency considered Eduardo Rocha the prime suspect and, as of July 2025, he remained a suspect. (Doc. 66 ¶¶ 17-18). No one has yet been charged in connection with Juana Rocha's death. *Id.* ¶ 19. Plaintiff alleges that, due to applicable federal and state law barring payment of death benefits where a named beneficiary kills the insurance holder, Banner has not distributed any of the death benefits to any Defendant. *Id.* ¶¶ 20-23.

Plaintiff asserts that, if it is established that Eduardo Rocha forfeited his interest in the death benefits under the Life Policy, then Defendants Eva, Ivan, Arlene, and Aaron Rocha would each be entitled to a 25% share of the total benefit amount. *Id.* ¶ 24. Plaintiff also asserts that, if it is established that Eduardo Rocha forfeited his interest in the death benefits under AD Policy 4661, then Defendants Eva, Ivan, Arlene, and Aaron Rocha would be each entitled to a 25% share of the total benefit amount. *Id.* ¶ 25. And in such a scenario, the death benefits under AD Policy 1581 would pass to the Estate of Decedent. *Id.* ¶ 26.

Plaintiff alleges that the competing interests and potentially conflicting claims of the named Defendants, namely Eduardo Rocha on the one hand and the other four Defendants plus the Estate of Decedent on the other, give rise to a "real and reasonable fear of exposure on Banner's part to double liability and multiple litigation if Banner paid any of the three policies' death benefits to any of the Defendants." *Id.* ¶ 27. Plaintiff alleges that it is a disinterested stakeholder, claims no interest in the

death benefits, and "has already discharged its admitted liability under the Life Policy by depositing the Life Policy's death benefits with the Court" and seeks to discharge its "admitted liability under AD Policy 1581 and AD Policy 4661 by depositing the death benefits from these two accidental death policies with this Court." *Id*. ¶¶ 28-30.

Plaintiff filed the pending motion for interpleader deposit on December 1, 2025. (Doc. 87). Plaintiff filed a proof of service of the motion on Defendants Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on December 1, 2025. (Doc. 88). Eduardo Rocha and the Estate of Decedent filed a notice of non-opposition on December 1, 2025. (Doc. 90). On January 9, 2026, the Court vacated the hearing on Plaintiff's motion for interpleader deposit and took the motion under submission. (Doc. 92).

Eduardo Rocha and the Estate of Decedent filed answers to the SAC (Docs. 74, 76) and, after all other Defendants failed to respond to the SAC, the Clerk of the Court entered default against each (Doc. 91). Thereafter, Plaintiff filed a motion for default judgment as to Eva, Ivan, Arlene, and Aaron Rocha (Doc. 93), which is currently pending before the Court.

**Discussion**

Federal Rule of Civil Procedure 22(a) and 28 U.S.C. § 1335 permit a party to file an interpleader claim when the party faces possible exposure to multiple liabilities from the defendants. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants in a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (internal quotations omitted).

In the instant motion, Banner seeks to deposit $450,000.00 pursuant to Accidental Death Policy Number 181841581, plus applicable interest, and to deposit $550,000.00 pursuant to Accidental Death Policy 181784661, plus applicable interest. (Doc. 87-1 ¶¶ 8-9, 14-17; Doc. 66 ¶¶ 2, 14-15). Pursuant to Federal Rule of Civil Procedure 67, "a party—on notice to every other party and by leave of court— may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Lasheen v. Loomis Co.*, No. 2:01-cv-00227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018)

3

(quoting *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)). The Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary. *Id*. (citing *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)).

Given Plaintiff's motion is unopposed and Plaintiff has satisfied the Rule 67 prerequisites, the Court finds that Banner may deposit the plan benefits into the registry of the Court.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that:

1. Plaintiff Banner's second motion for order to deposit interpleader funds pursuant to Fed. R. Civ. P. 67 (Doc. 87) is GRANTED;

2. **Within 14 days** of the date of entry of this order, Banner shall issue and deliver payable to the Clerk of the United States District Court for the Eastern District of California: (a) a check in the amount of four-hundred-and-fifty thousand dollars ($450,000.00), plus any applicable interest, and (b) a check in the amount of five-hundred-and-fifty thousand dollars ($550,000.00), plus any applicable interest; and

3. Banner shall cause a copy of this order to be personally served upon the Clerk of the Court or the Financial Deputy.

Further, the Clerk of the Court is HEREBY DIRECTED to accept such funds and hold the same on deposit in the registry of the Court in an interest-bearing account or invest in an interest-bearing instrument, there to abide by the judgment of the Court and for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

IT IS SO ORDERED.

Dated:   **May 19, 2026**

_____
UNITED STATES MAGISTRATE JUDGE