UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BANNER LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> EDUARDO ROCHA, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00207-CDB <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 93) <br><br> FINDINGS AND RECOMMENDATION TO DISCHARGE PLAINTIFF FROM LIABLITY AND AWARD INJUNCTIVE RELIEF <br><br> **14-DAY DEADLINE** <br><br> <u>Clerk of the Court to Assign District Judge</u> |

Pending before the Court is the renewed motion of Plaintiff Banner Life Insurance Company ("Banner") for default judgment against Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha. (Doc. 93). Defendant Eduardo Rocha, individually and as special administrator of the Estate of Juana Rocha, filed a notice of non-opposition on January 16, 2026. (Doc. 95). No other Defendants filed any opposition to the motion and the time to do so has expired. On March 6, 2026, the Court convened for hearing on the motion. (Doc. 96). Attorney Vittorio Terrizzi appeared on behalf of Banner. Attorney John Dulcich appeared on behalf of Eduardo Rocha. No other Defendants made an appearance nor did any representative on their behalf. *Id.* For the reasons set forth below, the undersigned will recommend that the motion for default judgment be granted.

## I.    <u>Background</u>

Banner initiated this action with the filing of a complaint on February 18, 2025. (Doc. 1). On July 30, 2025, Banner filed a first amended complaint (Doc. 47) and, on September 26, 2025,

Banner filed the operative second amended complaint ("SAC"), naming as an additional Defendant Eduardo Rocha as special administrator of the Estate of Juana Rocha (Doc. 66). The applicable insurance policies (collectively, the "Policies") are attached thereto. *See id.*, Exs. 1-3. According to the allegations in the SAC, Banner issued a life insurance policy (the "Life Policy") to Juana Rocha ("Decedent") on November 14, 2019, in the amount of $250,000.00. Decedent designated her husband, Defendant Eduardo Rocha, as the sole primary beneficiary and her four children, Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha, as contingent beneficiaries entitled to equal 25% shares. (Doc. 66 ¶¶ 1, 13; *id.*, Ex. 1 at 31, 34).

Banner also issued two accidental death policies to Decedent: the first with a benefit amount of $550,000.00 and numbered 181784661 ("AD Policy 4661"), and the second with a benefit amount of $450,000.00 and numbered 181841581 ("AD Policy 1581"). AD Policy 4661 was issued with an effective date of April 27, 2020, and AD Policy 1581 was issued with an effective date of October 29, 2020. AD Policy 4661 designated Eduardo Rocha as the sole primary beneficiary and Eva, Ivan, Arlene, and Aaron Rocha as contingent beneficiaries entitled to equal 25% shares. AD Policy 1581 designated Eduardo Rocha as the sole primary beneficiary and did not name any contingent beneficiaries. (Doc. 66 ¶¶ 2, 14-15; *id.*, Exs. 2, 3).

Juana Rocha died from an alleged gunshot wound on June 19, 2021, in Delano, California. (Doc. 66 ¶ 16; *id.*, Ex. 4). The investigating law enforcement agency considered Eduardo Rocha the prime suspect and, as of July 2025, he remained a suspect. (Doc. 66 ¶¶ 17-18). No one has yet been charged in connection with Juana Rocha's death. *Id*. ¶ 19. Plaintiff alleges that, due to applicable federal and state law barring payment of death benefits where a named beneficiary kills the insurance holder, Banner has not distributed any of the death benefits to any Defendant. *Id*. ¶¶ 20-23.

Plaintiff alleges that, if it is established that Eduardo Rocha forfeited his interest in the death benefits under the Life Policy, then Defendants Eva, Ivan, Arlene, and Aaron Rocha would each be entitled to a 25% share of the total benefit amount from the Life Policy. *Id*. ¶ 24. Plaintiff also alleges that, if it is established that Eduardo Rocha forfeited his interest in the death benefits under AD Policy 4661, then Defendants Eva, Ivan, Arlene, and Aaron Rocha would be each entitled to a

25% share of the total benefit amount from AD Policy 4661. *Id.* ¶ 25. And in such a scenario, the death benefits under AD Policy 1581 would pass to the Estate of Decedent. *Id.* ¶ 26.

According to Plaintiff, the competing interests and potentially conflicting claims of the named Defendants, namely Eduardo Rocha on the one hand and the other four Defendants plus the Estate of Decedent on the other, give rise to a "real and reasonable fear of exposure on Banner's part to double liability and multiple litigation if Banner paid any of the three policies' death benefits to any of the Defendants." *Id.* ¶ 27. Plaintiff alleges that it is a disinterested stakeholder, claims no interest in the death benefits, and "has already discharged its admitted liability under the Life Policy by depositing the Life Policy's death benefits with the Court" and seeks to discharge its "admitted liability under AD Policy 1581 and AD Policy 4661 by depositing the death benefits from these two accidental death policies with this Court." *Id.* ¶¶ 28-30.

Plaintiff filed a motion for interpleader deposit of the Life Policy proceeds on February 18, 2025. (Doc. 6). On March 21, 2025, the Court vacated the hearing on Plaintiff's motion for interpleader deposit and held the motion in abeyance pending Plaintiff's filing of evidence demonstrating service upon Defendants of summons and complaint. (Doc. 9). Subsequently, Plaintiff filed an executed waiver of service for Eduardo, Eva, Ivan, and Arlene Rocha on March 27, 2025 (Docs. 10-13), and for Aaron Rocha on April 2, 2025 (Doc. 14). That same day, counsel for Eduardo Rocha filed an answer. (Doc. 15). On April 25, 2025, Plaintiff filed and served (Doc. 33) a notice rescheduling the hearing on the motion for interpleader deposit for May 30, 2025 (Doc. 17). Plaintiff also filed a proof of service of the motion for interpleader deposit, evidencing service on Defendants on March 21, 2025. (Doc. 19).

No Defendant aside from Eduardo Rocha responded to the original complaint. On May 1, 2025, the Clerk of the Court entered default as to Eva, Ivan, and Arlene Rocha (Doc. 20), and on May 23, 2025, as to Aaron Rocha (Doc. 29). On May 30, 2025, the Court convened for hearing on Plaintiff's motion for interpleader deposit of the Life Policy proceeds; counsels Vittorio Fiore Terrizzi and John S. Dulcich appeared on behalf of Plaintiff and Eduardo Rocha, respectively. (Doc. 34). Eva, Ivan, Arlene, and Aaron Rocha did not appear nor did any representative on their behalf. The Court granted the motion for interpleader deposit on June 20, 2025. (Doc. 38).

3

Plaintiff filed its first motions for default judgment as to Eva, Ivan, and Arlene Rocha on May 13, 2025, and as to Aaron Rocha on May 28, 2025.  (Docs. 23, 30).  During the hearing on Plaintiff's initial motions for default judgment, Plaintiff requested leave to amend the complaint; the Court granted Plaintiff leave to amend and terminated the pending motions for default judgment.  (Doc. 42).  After an extension of the deadline to file the first amended complaint, Plaintiff filed the first amended complaint on July 30, 2025.  (Doc. 47).  Plaintiff filed a second request for leave to amend the complaint on September 22, 2025, which was granted by the Court.  (Docs. 62, 65).  Plaintiff thereafter filed the SAC on September 26, 2025.  (Doc. 66).  Eduardo Rocha, individually and as special administrator for the Estate of Decedent, filed answers on September 29, 2025.  (Docs. 74, 76).  Plaintiff filed executed waivers of service for Eva, Ivan, Arlene, and Aaron Rocha on October 23, 2025, with answers due November 25, 2025.  (Docs. 81-84).  After Plaintiff filed a motion for entry of default against Eva, Ivan, Arlene, and Aaron Rocha, the Clerk of the Court entered default against the aforementioned Defendants on January 9, 2026.  (Doc. 91).

Plaintiff filed a second motion for interpleader deposit for the additional policy proceeds (AD Policy 4661 and AD Policy 1581) on December 1, 2025.  (Doc. 87).  The Court granted the motion on May 19, 2026.  (Doc. 97).  On January 15, 2025, Plaintiff filed the pending renewed motion for default judgment against Eva, Ivan, Arlene, and Aaron Rocha.  (Doc. 93).  Attached to Defendants Eduardo Rocha and Estate of Decedent's notice of non-opposition (Doc. 95) are declarations purportedly signed by defaulting Defendants Eva, Ivan, Arlene, and Aaron Rocha.  These declarations purport to assert that said Defendants "believe that [their] father did not commit homicide against [their] mother [Decedent]" and that they "decline and waive any claim" upon the funds at issue.  The signatures are purportedly notarized, with signature and notarization dated January 16, 2026, for Eva Rocha and Ivan Rocha (Doc. 95 at 5-9) and dated January 15, 2026, for Arlene Rocha and Aaron Rocha (*id.* at 11-15).

By its action, Banner requests that the Court (1) take deposit of the Policies' benefits; (2) enjoin the interpleader Defendants from maintaining any action against Banner for recovery of any claim related to the benefits; (3) find that Banner has no further liability to Defendants regarding

the Policies and their benefits; (4) adjudicate the issue of who among the interpleader Defendants is rightfully entitled to any of the benefits under the Policies; (5) enter judgment in favor of Banner and award reimbursement for the costs and attorney's fees it expended in the prosecution of this interpleader lawsuit out of the funds to be deposited; and (6) award Banner with other further relief, as appropriate. (Doc. 66 at 6).

## II.    Legal Standard

In general, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). However, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762-PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)); *accord DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (allegations that do no more than "parrot" the elements of a claim not deemed admitted). "[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.") (per curiam). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the

strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV-4358 MMM (PLAx), 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp.2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, Fed. Prac. and Proc. § 2688, at 63 (3d ed. 1998)). However, courts may decline to enter default judgment if a party's claims are legally insufficient. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *Aldabe*, 616 F.2d at 1092-93 ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant").

### III.    Discussion

The Court first addresses the filing by Defendant Eduardo Rocha, individually and as special administrator for the Estate of Decedent, of declarations from the defaulting Defendants in which they assert that they waive their claims to the interpleaded funds at issue. *See* (Doc. 95 at 5-15). The declarations are attached to filings by counsel for Eduardo Rocha and contained on pleading paper with counsel for Eduardo Rocha's contact information at the top of the title pages.

It is clear from the allegations in the SAC that Eduardo Rocha's interests in the interpleaded funds at issue are in conflict with the interests of the defaulting Defendants. Further, defaulting Defendants are without any noticed representation and appear to be pro se. Thus, in light of the conflicts of interest between Eduardo Rocha and the defaulting Defendants, and as counsel for Eduardo Rocha filed the purported declarations attached to a notice of non-opposition to motion for default judgment against said defaulting Defendants, the undersigned disregards the declarations for purposes of these findings and recommendations on the pending motion for default judgment.

6

**1.   This Action Was Properly Brought as an Interpleader Action**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Banner, a citizen of Maryland, and Defendants, each of them citizens of California.  (Doc. 66 ¶¶ 3-9).  Additionally, the amount in controversy exceeds $75,000.  *Id.* ¶ 10.

An interpleader action involves a two-step process.  "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.  The second stage involves an adjudication of the adverse claims of the defendant claimants.'"  *Metro Life Ins. Co. v. Billini*, No. S-06-02918 WBS KJM, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007) (quoting *First Interstate Bank of Or. v. U.S.*, 891 F. Supp. 543, 546 (D. Or. 1995)).

"The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation against a single fund."  *Big Island Yacht Sales v. Dowty*, 848 F. Supp. 131, 133 n.1 (D. Haw. 1993) (quoting 7 Charles Alan Wright, *et al.*, Fed. Prac. and Proc. § 1704 (1986)).  "Discharge is normally granted absent bad faith by the stakeholder."  *Western Conference of Teamsters Pension Plan v. Jennings*, No. C-10-03629-EDL, 2011 WL 2609858, at *5 (N.D. Cal. June 6, 2011) (hereinafter "*Jennings*").

Banner alleges that Decedent's death benefits have multiple possible claimants.  *See* (Doc. 66).  As there is no alleged or apparent bad faith by Banner, Defendants are properly subject to interpleader and litigation of any claims they may have to the benefits under the Policies.

**2.   Adequacy of Service of Process**

"As a threshold matter in considering a motion for default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested."  *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013) (internal quotation and citation omitted).

Here, the waivers of service of process returned executed reflect that all Defendants were served with a copy of the original complaint and waived service of the summons and the requirements of Federal Rule of Civil Procedure 4.  (Docs. 10-14).  Plaintiff filed a proof of service

on April 29, 2025, representing service of the waiver, the complaint, the case opening documents, and the motion for interpleader deposit upon Eduardo, Eva, Ivan, and Arlene Rocha on February 18, 2025, and upon Aaron Rocha on March 21, 2025.  (Doc. 19).

Additionally, Plaintiff filed a proof of service on May 14, 2025, representing that the motion for default judgment against Eva, Ivan, and Arlene Rocha was served on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on May 13, 2025.  (Doc. 26).  Plaintiff filed a proof of service on May 21, 2025, reflecting that the request for entry of default against Aaron Rocha (Doc. 27) was served on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on May 21, 2025.  (Doc. 28).  Plaintiff also filed a proof of service on May 28, 2025, reflecting that the motion for default judgment against Aaron Rocha – as well as the amended proposed order for the motion for default judgment against Eva, Ivan, and Arlene Rocha (Doc. 31) – were served on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on May 28, 2025.  (Doc. 32).  On June 16, 2025, the Court issued a minute order consolidating the hearings for the two initial motions for default judgment, setting both for hearing on July 2, 2025, and directing Plaintiff to serve the minute order on defaulting Defendants.  (Doc. 36).  On June 17, 2025, Plaintiff filed a proof of service of the minute order on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on June 17, 2025.  (Doc. 37).

Regarding the operative SAC, the waivers of service of process returned executed reflect that Eva, Ivan, Arlene, and Aaron Rocha were served with copies of the SAC and waived service of the summons and the requirements of Federal Rule of Civil Procedure 4.  (Docs. 81-84).  Plaintiff filed a proof of service on September 26, 2025, reflecting service of the waiver itself, the SAC, the notice of lawsuit and request for waiver of service of summons, and the order granting leave to file the SAC, on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on September 26, 2025.  (Doc. 73).

Additionally, Plaintiff filed a proof of service on January 15, 2026, reflecting that the renewed motion for default judgment against Eva, Ivan, Arlene, and Aaron Rocha was served on Eva, Ivan, Arlene, and Aaron Rocha by mail via the United States Postal Service on January 15, 2026.  (Doc. 94).

In Plaintiff's request for entry of default against Eva, Ivan, Arlene, and Aaron Rocha for failure to respond to the SAC by the applicable deadline (Doc. 85), Plaintiff's counsel attests that his "office obtained the Department of Defense Manpower Data Center Status Report [p]ursuant to the Servicemembers Civil Relief Act" for Defendants Eva, Ivan, Arlene, and Aaron Rocha and, to the best of counsel's knowledge, aforementioned Defendants are not subject to the Servicemembers Civil Relief Act, are not minors, and are not incompetent. (Doc. 85-1 ¶ 3). No proof of service regarding the request for entry of default against Eva, Ivan, Arlene, and Aaron Rocha appears on the docket. Nonetheless, even if Eva, Ivan, Arlene, and Aaron Rocha were not served with the request for entry of default for failure to respond to the SAC, the docket evidences adequate service on them as to the original complaint and the SAC, the initial and renewed motions for default judgment, and the hearing on the motions, as well as an executed waiver of summons from each. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)).

It follows that Defendants were provided adequate service of process and/or had adequate notice of both the commencement of the action and the pending motion for default judgment.

### 3. The *Eitel* Factors

#### A. Possibility of Prejudice to Banner

The first *Eitel* factor requires the Court to consider the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. *Philadelphia Indem. Ins. Co. v. United Revolver Club of Sacramento, Inc.*, No. 2:18-cv-2960-KJM-DB, 2020 WL 773419, at *3 (E.D. Cal. Feb. 18, 2020) (*citing Landstar Ranger, Inc*, 725 F. Supp.2d at 920).

Since Eva, Ivan, Arlene, and Aaron Rocha have refused to defend this action, if default judgment is not entered, Banner would be left without a proper remedy as to their contingent claim under the Policies, particularly as the interpleader device is intended to include adverse claimants and relieve the stakeholder from liability. *See Metro Life Ins. Co.*, 2007 WL 4209405, at *2; *see*

*also Am. Gen. Life Ins. Co. v. Durbin*, No. CV 15-4137 MO (Ex) 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016) ("[Plaintiff] would be prejudiced if default judgment is not entered because it would be denied the benefits of the interpleader device"). In addition, without entry of default judgment, the other interpleader Defendant, Eduardo Rocha, will be unable to resolve his competing claims. *Jennings*, 2011 WL 2609858, at *3. Indeed, granting Banner's motion would not substantially affect Eva, Ivan, Arlene, and Aaron Rocha's ability to seek a share of the proceeds, but rather would clear an impediment to disposing this matter due to their refusal to appear and litigate. The Court finds that the first *Eitel* factor weighs in favor of granting default judgment.

### B. Sufficiency of the Complaint and the Likelihood of Success on the Merits

The second and third *Eitel* factors require the Court to consider the merits of the Plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471-72. The Court considers these two factors together given the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.2d 1039, 1055 (N.D. Cal. 2010).

These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which a plaintiff may recover. *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010). Relevant here, the primary purposes for an action in interpleader are "(1) to protect the party depositing the funds with the court from secondary, follow-up actions and (2) to protect the resources of the interpleading party." *Western Reserve Life Assur Co. of Ohio v. Canul*, No. 1:11-cv-01751-AWI-JLT, 2012 WL 844589, at *2 (E.D. Cal. Mar. 12, 2012), *report and recommendation adopted*, 2012 WL 1074952 (E.D. Cal. Mar. 29, 2012) (citing *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010)).

Banner's complaint seeks protection from potentially conflicting claims of the interpleader Defendants. (Doc. 66 at 6). Banner further alleges that it faces substantial risk of double liability and multiple litigation. *Id*. Banner has deposited the funds related to the Life Policy and the Court has granted Banner's motion to deposit funds related to AD Policy 4661 and AD Policy 1581. *See* (docket entry dated June 30, 2025, with receipt #200013592; Doc. 97). The Court finds that these factors favor granting default judgment.

///

### C. Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. *Eitel*, 782 F.2d at 1472. However, in an interpleader action, this factor typically is neutral where the insurer does not assert an interest in the funds and, instead, seeks to deposit the funds at issue with the court. *See Transamerica Life Ins. Co. v. Estate of Ward*, No. CIV S-11-0433 JAM EFB, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011).

Here, the amount of benefits payable is $250,000.00 under the Life Policy, $550,000.00 under AD Policy 4661, and $450,000.00 under AD Policy 1581; this equals $1,250,000.00 in total benefit amount. (Doc. 66 ¶¶ 1-2). Although this is a large amount, Banner disclaims interest in the benefits and asks only that the Court adjudicate the disbursement of funds in accordance with the insurance policy. The Court finds that this factor is neutral. *See Trustees of ILWU-PMA Pension Plan*, 2013 WL 556800, at *6 ("The Plaintiffs in this action are not asserting a claim to the funds, but are attempting to distribute the funds to the party entitled to the plan benefits.").

### D. Possibility of Disputed Material Facts

The fifth *Eitel* factor requires the Court to consider whether a dispute exists regarding material facts. *Eitel*, 782 F.2d at 1471-72. Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is unlikely. *Landstar Ranger*, 725 F. Supp. 2d at 921-22. Here, since Eva, Ivan, Arlene, and Aaron Rocha are in default, all of Banner's well pleaded factual allegations towards them are taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 918 (citing *Geddes*, F.2d at 560).

Eva, Ivan, Arlene, and Aaron Rocha are unlikely to dispute Banner's grounds for interpleader. As a neutral arbiter, Banner seeks only to deposit the benefit funds with the Court and have it adjudicate disbursement of those funds in accordance with the relevant policies. (Doc. 66 ¶¶ 28-32); *see Transamerica Life Ins. Co.*, 2011 WL 5241257, at *4. This factor favors granting default judgment.

///

### E.  Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor requires the Court to consider whether a defendant's default was due to excusable neglect.  *PespiCo*, 238 F. Supp.2d at 1177; *Eitel*, 782 F.2d at 1471-72.  This factor implicates due process and whether defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objection before a final judgment is rendered." *Phillip Morris USA, Inc. v. Castworld Productions*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Eva, Ivan, Arlene, and Aaron Rocha were served with the original complaint and the operative SAC, and signed waivers of service of summons.  (Docs. 11-14, 81-84).  The Clerk of the Court entered default on May 1, 2025, against Eva, Ivan, and Arlene Rocha and on May 23, 2025, against Aaron Rocha regarding the original complaint.  (Docs. 20, 29).  The Clerk of the Court entered default on January 9, 2026, against the aforementioned Defendants regarding the SAC.  (Doc. 91).  None of these Defendants have appeared in this action.  Plaintiff also filed proof of service of the pending motion for default judgment on said Defendants.  (Doc. 94).  It is evident that they received reasonable notice of the pendency of this action, but nevertheless declined to appear.  Accordingly, this factor favors entry of default judgment.  *See Magic Leap, Inc. v. Tusa Tuc*, No. 17-cv-00264 NC, 2017 WL 10456729, at *3 (N.D. Cal. Aug. 17, 2017).

### F.  Policy of Deciding Cases on the Merits

The seventh *Eitel* factor emphasizes the "general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472.  "Cases should be decided upon the merits whenever reasonably possible." *Id*. (citing *Pena v. Seguros La Comersial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

Eva, Ivan, Arlene, and Aaron Rocha's refusal to participate in this action renders a decision on the merits virtually impossible.  This factor does not weigh against default judgment.

\*       \*       \*       \*       \*

The Court has considered all the *Eitel* factors and finds that they weigh in favor of granting Banner's motion for entry of default judgment against Eva, Ivan, Arlene, and Aaron Rocha.

12

### IV.   Interpleader Relief

"Once the court determines that [ ] interpleader is proper, it may discharge the stakeholder from further liability." *Great Am. Life Ins. Co. v. Brown-Kingston*, No. 2:18-cv-02783-MCE-KJN, 2019 WL 8137717, at *2 (E.D. Cal. May 14, 2019) (citing *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704, at *6 (E.D. Cal. July 10, 2012)).  A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader.  *OM Fin. Life Ins. Co. v. Helton*, No. 2:09-1989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010); *cf. New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir. 1983) ("Judgement discharging the stakeholder in an interpleader action may, of course, be delayed or denied if there are serious charges that the stakeholder commenced the action in bad faith.").

Further, "[w]here an interpleader action is properly filed, the Court may, in its discretion, enjoin claims against the interplead stake in any venue outside the interpleader action [to] prevent the multiplicity of actions and reduce the possibility of inconsistent determinations or inequitable distribution of the fund." *Exec. Risk Speciality Ins. Co. v. Rutter Hobbs & Davidoff Inc.*, No. CV 11-4828-GAF (FFMx), 2012 WL 12861185, at *8 (C.D. Cal. March 20, 2012) (citing *Mid-Am. Indem. Co. v. McMahan*, 666 F. Supp. 926, 928 (S.D. Miss. 1987)).

Here, because the present interpleader action is proper, the undersigned will recommend that Plaintiff's request for injunctive relief as to claims affecting the life insurance proceeds be granted and that Plaintiff be discharged from the action.  Regarding attorney's fees and costs, upon the grant of default judgment, Plaintiff may file a separate motion seeking such fees and costs as are permissible for an interpleading party.  *See Trs. of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426–27 (9th Cir. 2000), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000) ("attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions … for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability

13

and dismissing it from the action"); *e.g., Matter of Terry Bedford Concrete Construction, Inc. v. Argonaut Ins. Co.*, No. 1:23-cv-00130-JLT-CDB, 2024 WL 199273, at *6-7 (E.D. Cal. Jan. 18, 2024) (addressing interpleader counsel's need to submit declarations and/or billing statements in support of request for award of fees).

However, at this juncture, it would be premature for the Court to entertain any adjudication of the issue of who among the Defendants is entitled to the benefits under the Policies. The Court is constrained to deeming Eva, Ivan, Arlene, and Aaron Rocha only to have admitted the well-pleaded allegations of the operative SAC. *See Danning*, 572 F.2d at 1388 ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."). Notwithstanding that Eva, Ivan, Arlene, and Aaron Rocha are deemed to have admitted the well-pleaded allegations of Banner's complaint upon entry of default judgment (*see* Fed. R. Civ. P. 8(b)(6); *Geddes*, 559 F.2d at 560), based on a tentative review of those allegations, the undersigned is uncertain that their admission of those facts necessarily disentitles them to any rightful claim to the benefits. *See State Farm Life Ins. Co. v. Ablaza*, No. 20-cv-06519-BLF, 2021 WL 4077980, at *2 (N.D. Cal. Sept. 8, 2021) (overruling R&R and denying insurer's request for entry of default judgment as premature where allegations of complaint established that beneficiary would be disentitled to policy benefits only following any conviction for murder); *UNUM Life Ins. Co. of Am. v. Jace*, No. EDCV 15-2265 JGB (SPx), 2016 WL 11747187, at *2 (C.D. Cal. Feb. 23, 2016) (same; "As the Complaint is currently pleaded, there are no facts before the Court demonstrating that Michael Jace is disqualified by operation of law from receiving the policies' benefits. His mere failure to appear in the case, without more, is insufficient to entitle UNUM to the relief it requests."). A determination of the respective rights of the putative claimants to the life insurance benefits will be the subject of future litigation following any adoption of the recommendation herein to award default judgment. *See MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, No. 1:20-cv-00092-DAD-BAM, 2022 WL 1063039, at *5 (E.D. Cal. Apr. 8, 2022) ("The second stage of an interpleader action may be adjudicated at summary judgment when there is no material dispute of fact ... and each claimant has the burden of establishing his or her right to the fund or property by a preponderance of the evidence.").

## V.  Conclusion and Recommendation

The Clerk of the Court is DIRECTED to (1) randomly assign a district judge to this matter and (2) transmit a copy of these findings and recommendations to Defendants Eva, Ivan, Arlene, and Aaron Rocha at their last known address (10201 Casey Road, Delano, CA 93215).

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against Eva, Ivan, Arlene, and Aaron Rocha (Doc. 93) be GRANTED.

2. Default judgment be entered against Defendants Eva, Ivan, Arlene, and Aaron Rocha.

3. Plaintiff be directed to file, within 14 days of entry of default judgment, any motion for permissible attorney's fees and costs.

4. Plaintiff be discharged of any and all liability with respect to the life insurance benefits payable on the Life Policy, AD Policy 4661, and Policy 1581, including any and all claims that Defendants have, had, or may have regarding the benefits.

5. Defendants be enjoined and restrained from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity against Plaintiff regarding the life insurance benefits underlying this action, until further order from the Court.

6. Plaintiff be dismissed from this action with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**May 19, 2026**__                    _____

UNITED STATES MAGISTRATE JUDGE

15