UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>EDUARDO ROCHA, et al.,<br>Defendants. | Case No. 1:25-cv-00207-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFAULT JUDGMENT, DISCHARGING PLAINTIFF FROM LIABLITY, AND AWARDING INJUNCTIVE RELIEF<br><br>Docs. 93, 99 |

Plaintiff Banner Life Insurance Company initiated this action with the filing of a complaint in interpleader on February 18, 2025. Doc. 1. Plaintiff filed the operative second amended complaint on September 26, 2025. Doc. 66. On January 15, 2026, Plaintiff filed the pending motion for default judgment against Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha (the "Defaulting Defendants"). Doc. 93.

On May 20, 2026, following a hearing on Plaintiff's motion at which the Defaulting Defendants failed to appear (Doc. 96), the assigned magistrate judge issued findings and recommendations to grant default judgment on Plaintiff's claims against Eva, Ivan, Arlene, and Aaron Rocha, to discharge Plaintiff from liability, and to award injunctive relief. *See* Doc. 99.

The magistrate judge found that the Court had jurisdiction over the action (*id.* at 7) and that service of process was adequate (*id.* at 7-9). The magistrate judge then analyzed the factors set

forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), finding that possibility of prejudice to the Plaintiff weighed in favor of granting default judgment. *Id.* at 9-10. Evaluating the sufficiency of the complaint and the likelihood of success on the merits, the magistrate judge found that the complaint seeks protection from potentially conflicting claims of the interpleader Defendants and that Plaintiff alleges it faces substantial risk of double liability and multiple litigation, with Plaintiff having deposited the interpleader funds. The magistrate judge found that these factors favored granting default judgment. *Id.* at 10-11.

The magistrate judge found that Plaintiff disclaims interest in the interpleader funds and asks that the Court adjudicate their disbursement in accordance with the insurance policy. *Id.* at 11. The interpleader funds have been deposited with the Court. *See* docket. The magistrate judge found that no factual dispute exists that would preclude entry of default judgment, that the default was not the result of excusable neglect, and that the policy of deciding cases on the merits did not weigh against default judgment due to Defaulting Defendants' refusal to participate in this action. *Id.* at 11-12.

Having determined that entry of default judgment was warranted, the magistrate judge considered Plaintiff's requested relief and, consistent with authorities cited, recommended that Plaintiff's request for injunctive relief as to claims affecting the life insurance proceeds be granted and that Plaintiff be discharged from the action, with Plaintiff granted leave to file a motion for permissible attorney's fees and costs. *Id.* at 13-15.

The findings and recommendations informed the parties that they had 14 days after service to file objections thereto. *Id.* at 15. The parties were advised that a "failure to file any objections within the specified time may result in the waiver of certain rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). No party filed objections and the time to do so has passed.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of this case. Having carefully reviewed the file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

///

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on May 20, 2026, Doc. 99, are ADOPTED IN FULL;
2. Plaintiff's motion for default judgment, Doc. 93, is GRANTED;
3. Default judgment is ENTERED against Defendants Eva Rocha, Ivan Rocha, Arlene Rocha, and Aaron Rocha;
4. Plaintiff shall file, within 14 days of entry of this order, any motion for permissible attorney's fees and costs;
5. Plaintiff is DISCHARGED of any and all liability with respect to the life insurance benefits payable on the life insurance policy issued by Plaintiff to Juana Rocha on November 14, 2019, on the accidental death policy issued to Juana Rocha numbered 181784661, and on the accidental death policy issued to Juana Rocha numbered 181841581, including any and all claims that Defendants have, had, or may have regarding the benefits;
6. Defendants are ENJOINED AND RESTRAINED from instituting or prosecuting further any proceeding in any state or United States court, including this court, either at law or in equity against Plaintiff regarding the life insurance benefits underlying this action, until further order from the court; and
7. Plaintiff is DISMISSED from this action with prejudice.

IT IS SO ORDERED.

Dated: September 25, 2026

UNITED STATES DISTRICT JUDGE