UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BANNER LIFE INSURANCE COMPANY,

Plaintiff,

v.

EDUARDO ROCHA, *et al.*,

Defendants.

Case No. 1:25-cv-00207-KES-CDB

FINDINGS AND RECOMMENDATIONS TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

(Doc. 105)

**14-Day Objection Period**

ORDER VACATING MOTION HEARING

## I. Background

On September 25, 2026, the Court adopted the undersigned's findings and recommendations to grant the motion of Plaintiff Banner Life Insurance Company ("Banner") for default judgment, to discharge Plaintiff from liability, and to award injunctive relief. (Doc. 102). The Court also ordered Plaintiff to file any motion for attorney's fees and costs. *Id.*

On October 9, 2026, Plaintiff filed its application for award of attorney's fees and costs. (Doc. 105). The remaining non-defaulted Defendants—Eduardo Rocha, individually and as special administrator of the Estate of Juana Rocha—filed a notice of non-opposition on October 12, 2026. (Docs. 107, 108). No other Defendants filed any opposition to the motion and the time to do so has expired.

The undersigned deems Plaintiff's motion suitable for the preparation of findings and recommendations without hearing and oral argument. *See* E.D. Cal. L.R. 230(g).

## II. Legal Standard

"The Supreme Court has stated that the lodestar is the 'guiding light' of its fee-shifting

jurisprudence, a standard that is the fundamental starting point in determining a reasonable attorney's fee." *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1048 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). District courts in the Ninth Circuit are required "to calculate an award of attorneys' fees by first calculating the 'lodestar' before departing from it." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (internal citation and quotation marks omitted). "'The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id.* at 978 (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Rates outside of the forum district are to be used only if local counsel was unavailable, "either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quotation and citations omitted).

The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee ..."). It follows that "[a]djustments to the lodestar amount are allowed only if circumstances warrant ... and are reserved for rare or exceptional cases." *Rouse v. L. Offs. of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010) (internal citations and quotation marks omitted).

## III. <u>Discussion</u>

### A. Reasonableness of Hourly Rates

In determining a reasonable rate for attorney's fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits— that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, reasonable fees must be calculated based on the prevailing market rates charged by "all attorneys in the relevant community engaged in 'equally complex Federal litigation,' no matter the subject matter." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2011) (quoting *Blum*, 465 U.S. at 893). Thus, when a case is filed in the Eastern District of California, this District "is the appropriate forum to establish the lodestar hourly rate..." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011). Courts also may draw upon "[d]ecisions by other courts regarding the reasonableness of the rate sought," as well as the court's "own experience in determining what constitutes a reasonable rate." *Base v. FCA US LLC*, No. 17-cv-01532-JCS, 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020).

In its fee application, Plaintiff seeks an award based on an hourly rate of $325 and supports its request with the declaration of attorney Vittorio F. Terrizzi. (Doc. 105-1, Declaration of Vittorio F. Terrizzi ["Terrizzi Decl."], ¶ 4). In his declaration, counsel represents that he has over 20 years of experience representing insurance companies in civil litigation matters and that nearly all of the fees incurred were billed by him. *Id.* ¶ 6.

Based on a review of relatively recent cases, the undersigned concludes that Mr. Terrizzi's claimed hourly fee rate is within or below the prevailing market rate for attorneys with over 20 years of experience. *E.g., Glass Ireland, LLC v. Thick Vatos & Tacos LLC*, No. 2:24-CV-3291-DC-JDP, 2026 WL 2321898, at *3 (E.D. Cal. Aug. 11, 2026) (citing Smothers v. NorthStar Alarm Servs., LLC, No. 2:17-cv-0548-KJM-KJN, 2020 WL 1532058, at *9 (E.D. Cal. Mar. 31, 2020)). Considering all the factors referenced above, counsel's years of experience demonstrate

expertise and competency within the field and the proposed rate is aligned with the prevailing market rates for attorneys with comparable experience in this District.

**B. Reasonableness of Hours billed**

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable …" *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citation omitted). A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 424; *see Welch*, 480 F.3d at 945-46. The Court "has its own independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *California Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-cv-00123-DJC-DMC, 2024 WL 4819205, at *4 (E.D. Cal. Nov. 18, 2024) (internal quotations omitted). In assessing a fee award, the court need not "achieve auditing perfection" or "become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Rather, "trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Id.*

Counsel for Plaintiff summarily asserts that the fees for which he seeks an award were incurred reviewing file materials, communications, drafting the complaints, and various motions. Terrizzi Decl. ¶ 5). However, Plaintiff's counsel does not support the fee request with any billing records or exhibits depicting even a general allocation of hours per billing task. In fact, nowhere in the fee request does counsel even identify the total number of hours expended in litigating the case. While the undersigned is familiar with the nature of the work outlined in Plaintiff's general description of the tasks completed, it is the fee applicant that "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch*, 480 F.3d at 948. And it is customary in this District that an interpleader fee applicant supports its request with either billing records or a more detailed declaration from which the Court can ensure the hours claimed are reasonable (i.e., not duplicative, unproductive, excessive, or otherwise unnecessary). *E.g., Principal Life Ins. Co. v. Calloway Est. of Perkins*, No. 1:19-cv-00147-DAD-SKO, 2021 WL 720648, at *4-5 (E.D. Cal. Feb. 24, 2021); *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704, at *10

(E.D. Cal. July 10, 2012); *State Farm Life Ins. Co. v. Brockett*, No. CIV-F-09-0356 AWI SMS, 2010 WL 1558727, at *3 (E.D. Cal. Apr. 19, 2010). *Cf. Met. Life Ins. Co. v. Molina*, No. 1:23-cv-01553-CDB, 2024 WL 713446, at *4 (E.D. Cal. Feb. 21, 2024) (granting $4,500 fee request in interpleader action without need for billing records given *de minimis* amount of fees sought). The undersigned also acknowledges the representations of Plaintiff's counsel that more than $38,000 in fees and costs were incurred and that counsel seeks only a reduced award of $15,000. But without attorney time records or a more detailed inventory of the tasks accomplished and the hours expended, the undersigned is unable to assess the reasonableness of the hours billed.

## IV. Conclusion, Order, and Recommendations

For the foregoing reasons, it is HEREBY ORDERED that the hearing noticed for November 16, 2026, on the motion of Plaintiff's counsel for attorney's fees and costs (Doc. 105) is VACATED.

Further, the undersigned HEREBY RECOMMENDS that the motion of Plaintiff's counsel for attorney's fees and costs (Doc. 105) be DENIED without prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 13, 2026**

UNITED STATES MAGISTRATE JUDGE